**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

HESS DELL JOINER,

        Plaintiff(s),
  v.                                  DECISION AND ORDER
                                            11-CV-6497
MVP SERVICE CORPORATION,

        Defendant(s).

Preliminary Statement

*Pro se* plaintiff, an African American woman over fifty years of age, brings the instant action against her employer, MVP Service Corporation, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to e-17, and Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34. See Complaint (Docket #1). Plaintiff alleges in her Complaint, *inter alia*, that defendants subjected her to disparate treatment because of her race and age. Id. Currently pending before the Court is plaintiff's motion to supplement the Complaint (Docket # 13) and motion to compel (Docket # 19).

Discussion

I. Plaintiff's Motion to Supplement Complaint: On January 9, 2012, plaintiff filed her first motion to supplement the Complaint. (Docket # 10). On January 11, 2012, the Court denied her motion without prejudice to renew because plaintiff failed to attach a proposed amended or proposed supplemental pleading with her motion papers. See Order (Docket # 11). The Court instructed plaintiff that her "motion must include a proposed amended or supplemental

pleading" and advised her to "consult with the Western District of New York's *pro se* office attorneys for questions on process and procedure." Id.

On January 20, 2012, plaintiff filed this second motion to supplement the Complaint. The current motion is virtually identical to her first motion to supplement. (Docket # 13). The only difference between her first motion and this motion is that plaintiff has attached to the instant motion a "Proposed Supplement to the Complaint." This "supplement," however, does not contain a single supplemental allegation or claim, and merely indicates that plaintiff seeks permission to supplement her Complaint. This document does not suffice as the supplemental pleading required by my earlier Order.

Because plaintiff timely filed the instant motion to amend, the Court will give her one final chance to file a renewed motion to amend or supplement. Accordingly, plaintiff's motion to supplement (Docket # 13) is **denied without prejudice to renew**. Plaintiff has until **October 15, 2012** to file her renewed motion. **The motion must include a proposed amended or supplemental pleading**. **In other words, plaintiff is advised that the supplemental pleading must set forth the NEW factual allegations that plaintiff believes should be part of her case**. Plaintiff is strongly encouraged to consult with the Western District of New York's *pro se* office attorneys for questions on complying with this Order. **No further extensions of this deadline will be granted**.

II. <u>Plaintiff's Motion to Compel</u>: In this motion, plaintiff seeks an Order compelling defendant to produce further responses to her First Request for Production of Documents. (Docket # 19). Plaintiff asserts that defendant "has objected to 90% of" her demands. <u>Id.</u> In response to plaintiff's motion, defendant points out that it timely served its responses to plaintiff's document demands and produced "over 500 pages of documents." <u>See</u> Defendant's Memorandum in Opposition (hereinafter "Def. Opp. Memo") (Docket # 21) at p. 1. Defendant argues that plaintiff's motion should be denied because (i) she "did not make a sincere, good-faith attempt to resolve the discovery dispute before filing the instant motion," and (ii) defendant's responses to plaintiff's demands "are reasonable." <u>Id.</u> at pp. 2, 5.

The Court, having reviewed the papers in support of (Dockets ## 19, 28) and in opposition to (Dockets ## 21, 22, 24) plaintiff's motion to compel (Docket # 19), as well as defendant's Responses to plaintiff's First Request for Production of Documents (<u>see</u> Exhibit "2" attached to Docket # 22), hereby Orders that the defendant shall produce a further response to plaintiff's Document Demand Number 2 (letter "f" in the instant motion). Although perhaps imprecisely drafted, it seems reasonably apparent that this Demand seeks information about plaintiff's job performance that is in the possession of defendant. This information is relevant to plaintiff's claims. Defendant is directed to conduct a search for documents in

its possession that refer to or are relevant to plaintiff's job performance.[1] Responsive documents would include emails or other memoranda in which plaintiff's job performance or job status is discussed. If any document is being withheld on the basis of privilege, a privilege log must be provided. It also is apparent that plaintiff is seeking information on whether she was "treated differently from the white Supervisors under Kellie Traver." See Plaintiff's Memorandum of Law (hereinafter "Pl. Memo") (Docket # 28) at p. 5. From the organizational chart supplied by defendant, there appears to be nine other supervisory employees in the Rochester Claims Operations who are supervised by Traver or are one level below direct supervision by Traver. It is unclear whether any of these employees are Caucasian. Defendant shall review the personnel files of employees who held these supervisor positions during the three years prior to plaintiff's termination and disclose to plaintiff documents pertaining to discipline or counseling for job performance issues as well as documents pertaining to promotions. See Dzanis v. JPMorgan Chase & Co., No. 10 Civ. 3384(BSJ)(JLC), 2011 WL 5979650, at *2-3 (S.D.N.Y. Nov. 30, 2011)(finding that certain "similarly situated" employees' personnel files were relevant because they

---

[1] Defendant's previous responses repeatedly refer to conducting a "reasonable search" for discoverable documents. The Court is unsure what a "reasonable search" includes or omits. Therefore, to the extent defendant's search for responsive documents is anything less than what is required under the Federal Rules of Civil Procedure, defendants shall conduct a further search.

"could provide evidence of disparate treatment"). No other information from the personnel files need be disclosed and any information disclosed shall be deemed confidential and subject to the stipulated protective order. See id. at *7 (directing the parties to "submit a protective order to govern the disclosure of these personnel files").

Finally, plaintiff seeks data on "claim inventories," a topic that appears to be relevant to defendant's position that plaintiff was not performing her job. Plaintiff claims that defendant produced "an inventory on all of the claims queues" when what she wants are monthly claim balances specifically related to Ms. Travers and monthly balances for Ms. Braswell and Ms. Groth. See Pl. Memo (Docket # 28) at p. 3. It is impossible for the Court to discern whether the information disclosed by defendant is responsive since only the May 1, 2012 transmittal letter (Docket # 24) is included in the defendant's response. Defendant shall review available data and attempt to provide the breakdown of claim aging data plaintiff seeks. Defendant shall have thirty (30) days from entry of this Order to provide any supplemental documents.

In all other respects, plaintiff's motion to compel (Docket # 19) is **denied.**

<u>Conclusion</u>

Plaintiff's motion to supplement (Docket # 13) is **denied without prejudice to renew**. Plaintiff's motion to compel (Docket # 19) is **granted in part and denied in part**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September <u>13</u>, 2012
Rochester, New York